OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Talbert.
[Cite as Disciplinary Counsel v. Talbert (1994),      Ohio St.3d    .]
Attorneys at law -- Misconduct -- Public reprimand -- Engaging in conduct that adversely reflects on fitness to practice law -- Touching a female client and female deputy clerk in a manner that the women found offensive.
(No. 94-2300 -- Submitted December 7, 1994 -- Decided December 30, 1994.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-22.

By a complaint filed on April 18, 1994, relator, the Office of Disciplinary Counsel, charged that respondent, Bonford Reed Talbert of Tiffin, Ohio, Attorney Registration No. 0023911, had, between 1980 and 1993, committed three separate acts of misconduct, and that he had thereby violated DR 1-102(A)(3)(engaging in illegal conduct involving moral turpitude), 1-102(A)(5)(engaging in conduct prejudicial to the administration of justice), 1-102(A)(6)(engaging in conduct that adversely reflects on his fitness to practice law), and Canons 1, 2, 2A and 3(A)(3) of the Code of Judicial Conduct. Respondent was served with the complaint, and filed an answer denying for lack of present recollection most of the facts of the complaint, and raising the affirmative defenses of laches, as to the first and third counts of the complaint, and lack of jurisdiction over respondent as a lawyer more than fourteen years after the events which are alleged to have occurred while respondent was a judge.

The matter was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") without oral hearing and upon the joint stipulation of the parties. The joint stipulation offers no facts regarding count one of the complaint. Regarding count two of the complaint, the stipulation reflects that in 1993, respondent met with a female potential client at his law office

in Tiffin, Ohio to discuss her workers' compensation case. After the meeting, respondent advised the client that he needed additional documentation to pursue her claim. A second meeting was scheduled. At the second meeting the client became upset over the possibility that she might lose her job. When the client rose to leave, respondent accompanied her to the door, where he put his arm around the client and said that "he wanted to help her." The client perceived respondent's statement as sexually suggestive, although respondent did not touch her in any place normally associated with sexual contact. Considering the totality of the circumstances, the client believed that the respondent was going to kiss her. Inasmuch as the conduct was uninvited, the client pulled away from respondent and departed. There was no further contact between respondent and the client.

Regarding the third count of the complaint, the joint stipulation reflects that from June of 1978 until January of 1981, a certain female deputy clerk handled criminal cases at the Tiffin Municipal Court at the same time respondent was a judge of the Tiffin Municipal Court. On two occasions, in April 1980, and again in October 1980, the clerk maintains that respondent touched her in a manner that she found offensive. Respondent does not recall details of the incidents. However, for purposes of these proceedings, respondent admits touching the client and the clerk in a manner that the women found offensive, and that such conduct adversely reflects upon his fitness to practice law. Attached to the joint stipulation were several letters from respondent's current and former friends and associates attesting to his legal ability, personal integrity, and professionalism.

Based on the joint stipulation, the panel found a violation of DR 1-102(A)(6). It then recommended the sanction recommended by the parties in the joint stipulation: a public reprimand. The board adopted the panel's findings and its recommendation, and also recommended that the costs of these proceedings be taxed to the respondent.

Geoffrey Stern, Disciplinary Counsel, and Alvin E. Mathews, Assistant Disciplinary Counsel, for relator. Mark H. Aultman, for respondent.

Per Curiam. Having thoroughly reviewed the record, we agree with the board's finding of misconduct and its recommendations. Accordingly, respondent is hereby publicly reprimanded. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.

Pfeifer, J., dissenting. The facts as presented in this case do not merit disciplinary action. However, respondent did agree with the relator's recommendation of a public reprimand. If there are some other facts that yielded this result, they should be revealed to this court. If not, the case should be dismissed.